UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET MARIE RINCON,

       Plaintiff,                                        Case No. 14-cv-12098

                                                              Paul D. Borman
v.                                                           United States District Judge

                                                              Michael J. Hluchaniuk
COMMISSIONER OF                            United States Magistrate Judge

SOCIAL SECURITY,

       Defendant.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE MICHAEL J.
HLUCHANIUK'S AUGUST 24, 2015 REPORT AND RECOMMENDATION (ECF NO. 18),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 19), (3) DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 15), (4) GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 16), AND (5) AFFIRMING THE
FINDINGS OF THE COMMISSIONER

      On August 24, 2015, Magistrate Judge Michael J. Hluchaniuk issued a Report and Recommendation to affirm the Commissioner's decision to deny Plaintiff's claim for disability insurance and supplemental security income benefits. (ECF No. 18, Report and Recommendation.) Plaintiff filed Objections to the Report and Recommendation (ECF No. 19) and Defendant filed a Response to Plaintiff's Objections (ECF No. 20). Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections (ECF No. 19), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 18), GRANTS Defendant's Motion for Summary Judgment (ECF No. 16), DENIES Plaintiff's Motion for

Summary Judgment (ECF No. 15), AFFIRMS the findings of the Commissioner, and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

**I.      BACKGROUND**

The Magistrate Judge adequately set for the procedural and factual background of this matter in his Report and Recommendation and the Court adopts that summary here. (Report and Recommendation 1-4.) In sum, in July, 2010, Plaintiff was rear-ended in an automobile accident and suffered a cervical strain/whiplash. Since the accident, Plaintiff alleges, she has continued to experience symptoms, both mental and physical, that she attributes to the injury she suffered in the 2010 crash. Magistrate Judge Hluchaniuk concluded that the Administrative Law Judge's decision to deny Plaintiff benefits was supported by substantial evidence and within the zone of choice in which the ALJ is authorized to operate without interference from the courts. Plaintiff now objects to the Magistrate Judge's Report and Recommendation.

**II.      STANDARD OF REVIEW**

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects

as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting

3

*Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

## III. ANALYSIS

Plaintiff first objects that the Magistrate Judge failed to consider or resolve plaintiff's argument that the ALJ improperly dismissed opinions from the consultative examiner, Dr. Oliver-Brannon, without objective support. The Court disagrees with Plaintiff and finds, having conducted a *de novo* review of the issue, that the Magistrate Judge correctly concluded that the ALJ assigned appropriate weight to the opinion of Dr. Oliver-Brannon.

In her brief report, Dr. Oliver-Brannon: (1) documents Plaintiff's self-reported complaints and symptoms, which include having suffered a "life altering change" after the 2010 accident, resulting in "constant pain," sleep that is interrupted by pain, depression because she is "unable to do the things she used to do," and forgetting "more often now;" (2) notes Plaintiff's self-reported social functioning (she has a supportive family and a few friends) and daily activities (which include preparing her children for school, caring for her own personal hygiene, dressing and preparing her own meals, doing household chores, cooking family meals and shopping with her sons, spending time with her sons in the evening and watching television, but being unable to sit for long periods of time); (3) observes that Plaintiff is 5'3" and weighs 180 pounds, and presents with good hygiene and grooming, cooperative yet "fidgety" because she had a headache, had psychomotor activity within normal limits, and notes Plaintiff's contention that she uses a hand rail more frequently and feels "older than her years;" (4) notes that Plaintiff is in contact with reality and displays appropriate judgment and insight but reported a "low mood" and "low frustration tolerance when overwhelmed;"

4

(5) notes that Plaintiff reported daily panic attacks; and (6) assigned a GAF score of 53. Dr. Oliver-Brannon's prognosis for Plaintiff was "fair to guarded" and Dr. Oliver-Brannon suggested outpatient psychiatric treatment to treat Plaintiff's mood issues and suggested referral to a pain clinic. The totality of Dr. Oliver-Brannon's Medical Source Statement is as follows:

> The claimant is a 42 year old woman with a history of mood and physical limitations which seems to prevent her from engaging in full long term employment. She does engage in appropriate [sic] with others. She is able to understand and engage in simple to moderate daily living activities.

ECF No. 11-7, Administrative Record, Transcript at 333-35. In her objections, Plaintiff asserts that Dr. Oliver-Brannon further concluded that Plaintiff could not manage her own benefit fund when in fact the report appears to indicate just the opposite – that Plaintiff *can* manage her benefit funds. (Tr. 336, ¶ "X" check-marked Yes.)

The Magistrate Judge correctly concluded that the ALJ appropriately assigned little weight Dr. Oliver-Brannon's "opinion" regarding Plaintiff's prospects for long term employment. The Magistrate Judge gave sound and well-reasoned bases for his conclusion. First, as is apparent from the Medical Source Statement, Dr. Oliver-Brannon's statement regarding Plaintiff's ability to engage in long term employment is not an opinion at all. Her statement regarding Plaintiff's potential for long term employment is prefaced with the qualifier "seems," suggesting that Dr. Oliver-Brannon in fact did not reach a firm medical opinion on the subject. Second, the statement purports to rely in part on Plaintiff's physical (as opposed to psychological) limitations, an area outside of Dr. Oliver-Brannon's area of expertise. Third, the conclusion that an applicant is unable to engage in long term employment is a decision expressly reserved to the Commissioner. And fourth, the remainder of Dr. Oliver-Brannon's observations in her Report would simply fail to support a conclusion that Plaintiff is prevented from engaging in *any* long term employment. The Court

overrules Plaintiff's first objection.[1]

Plaintiff's second objection is that the Magistrate Judge erred in affirming the ALJ's handling of Plaintiff's fybromyalgia, which Plaintiff argues was contrary to controlling legal principles and unsupported by substantial evidence. Although this objection is largely a restatement of Plaintiff's argument to the Magistrate Judge, *compare* ECF No. 15, Plaintiff's Motion for Summary Judgment at 18-22, *with* ECF No. 19, Plaintiff's Objections at 5-8, she appears to be continuing to press her assertion that the ALJ failed to adequately acknowledge Dr. Hafeez's diagnosis of fybromyalgia and inappropriately relied on the fact that there were "no new objective findings" as to Plaintiff's fybromyalgia. Plaintiff's objection mischaracterizes the ALJ's opinion, which *did* note the absence of new objective findings as to Plaintiff's fybromyalgia, but then went on to further support the limitations assigned in his residual function capacity ("RFC") by citation to a subsequent history and physical that documented Plaintiff's own reporting of the severity of her symptoms, which the ALJ concluded were fully accounted for in his RFC.

The ALJ very specifically acknowledged Dr. Hafeez's findings, noting that in 2012, Plaintiff sought treatment from the Neurology, Headache & Fybromyalgia Clinics, and cited specifically to Dr. Hafeez's Reports in Exhibit 14F of the Administrative Record. Tr. 25. The ALJ also noted, however, that in a subsequent History and Physical Report from the River East Community Health Center, Plaintiff described her neck pain as "moderate in severity" and reported her fybromyalgia as follows:

---

[1] Plaintiff also suggests that the ALJ erred by according weight to the opinion of the State Agency consultant, Dr. Glen Douglas. Plaintiff did not raise this argument before the Magistrate Judge and cannot raise it for the first time in her objections. *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (noting that the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

>    Fybromyalgia is described as the following:
>
>    The patient has been previously evaluated by the neurologist.  Symptoms include widespread pain, regional pain and generalized fatigue, while symptoms *do not include* diffuse tenderness, arthralgia, joint stiffness, sleep disturbance, early awakening, difficulty falling asleep, restless legs, headaches, cognitive impairment, depression or exercise intolerance.  The patient describes symptoms as unchanged.  Functional limitations: general activity.  Current treatment includes muscle relaxants and antidepressants.  By report there is fair compliance with treatment.

ECF No. 11-7, PgID 381 (emphasis added).  The ALJ expressly referenced this report and noted that these reported symptoms supported no more restrictive of a RFC than that found in his decision, limiting Plaintiff to sedentary work except: that the Plaintiff can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, crawl, push/pull with her bilateral upper extremities and handle with her dominant (right) hand; that Plaintiff can never climb ladders, ropes or scaffolds; that Plaintiff is restricted to unskilled work that is limited to simple routine repetitive tasks, involving only simple work-related decisions with few, if any, workplace changes and only occasional interaction with supervisors, coworkers and the public.  Tr. 19-20.

Accordingly, the Court concludes that Magistrate Judge Hluchaniuk correctly found that the ALJ appropriately considered the findings and opinions of Dr. Hafeez, acknowledged a subsequent history and physical report on the progress of Plaintiff's fybromyalgia, and concluded that Plaintiff's symptoms were sufficiently accounted for in his RFC.  The Magistrate Judge correctly concluded that substantial evidence supported this conclusion, which was within the zone of choice in which the ALJ is authorized to act.  Tr. 25.

**IV.    CONCLUSION**

Having conducted a *de novo* review of those parts of the Magistrate Judge's Report and Recommendation to which Plaintiff has filed valid objections,  the Court:

1)     OVERRULES the Plaintiff's Objections (ECF No. 19);

2)     ADOPTS Magistrate Judge Hluchaniuk's August 24, 2015 Report and Recommendation (ECF No. 18);

3)     GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 16);

4)     DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 15);

5)     AFFIRMS the findings of the Commissioner; and

6)     DISMISSES Plaintiff's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: March 11, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2016.

                                        s/Deborah Tofil
                                        Case Manager